**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Gerhard A. PRAKELT et al., Defendants-Appellants.**

**No. 42, Docket 26235.**

United States Court of Appeals
Second Circuit.

Argued Oct. 6, 1960.
Decided Nov. 25, 1960.

---

7. See United States v. Manton, 2 Cir., 107 F.2d 834, 845, certiorari denied 309 U.S. 664, 60 S.Ct. 590, 84 L.Ed. 1012.

John S. Burgess, Brattleboro, Vt., for appellants.

Raymond N. Zagone, Atty., Dept. of Justice, Washington, D. C. (Perry W. Morton, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Louis G. Whitcomb, U. S. Atty., Dist of Vermont, Rutland, Vt., and Roger P. Marquis, Atty., Dept. of Justice, Washington, D. C., on the brief), for appellee.

Before HINCKS, WATERMAN and MOORE, Circuit Judges.

HINCKS, Circuit Judge.

The Prakelts owned some eighty-six acres of land in Vermont. Of this, a tract of 65.10 acres was condemned, and on October 14, 1957, the court below entered a "deficiency judgment order" that "judgment * * * against the United States of America, in the total amount of $34,000.00 * * * be, and hereby is entered, and that said judgment has been satisfied in part [$24,000.00] * * and * * * that the deficiency of $10,000.00 shall be paid forthwith into the Registry of the Court." On January 9, 1958, by court order and agreement of counsel, $8,500 of this $10,000 was paid to the Prakelts. But on November 27, 1959, the court below filed an order, from which the present appeal is taken, that the remaining $1,500 be paid to the United States to reimburse it for a ramp which the Army Corps of Engineers had constructed, at Mr. Prakelt's request, to provide access to the highway for the remaining 21-acre tract which had not been condemned. In their brief, appellants urge reversal on the ground that the first "deficiency order" is a final judgment awarding them $34,000 and now immune from attack except by an independent action. The Government counters this by arguing that every condemnation involves two phases—the determination of just compensation and the distribution of the award—and therefore that the deficiency order of October 14, 1957 and the order of November 27, 1959 are segments of the same proceeding.

But determining that one side or the other has taken the correct view of the nature of the deficiency order is not properly dispositive of this appeal. The record shows that $34,000 was adjudged to be the value of "Tract A," of 65.10 acres, which alone was mentioned in the condemnation proceedings. The Government would be entitled to recover or offset the cost of the ramp serving another, 21 acre, tract of the appellants built at the request of the appellants, only on proof that the circumstances were such that the appellants are liable for the cost. This liability, obviously, is a question entirely independent of the valuation of the condemned tract which had been adjudicated two years before the ramp was built.

The record presented us on appeal contains scant showing as to the occasion which led to the building of the ramp. If the fact is that the ramp became needed because of the change of grade occasioned by a Government project, it well may be that the owners might reasonably have expected that the ramp was built to compensate them for this dam-

age to the 21 acre tract. Restatement, Contracts, Vol. 1, § 5; Corbin on Contracts, Vol. 3, §§ 566, 567. From the mere fact that the 65 acre tract and the 21 acre tract happened to be owned by the same persons, it does not follow that the damage to the 21 acre tract (which was not even mentioned in the notice of taking) was caused by the taking of the 65 acre tract (for which the Government had been obligated to pay $34,000) as distinguished from a change of grade of the highway on which the 21 acre tract fronted.

Since no opportunity was afforded below to the parties to present their proofs as to the Government's claimed offset, the case must be

Reversed and remanded.